JEFFREY A. SILVESTRI, ESQ.
Nevada Bar No. 5779
JOSEPHINE BINETTI McPEAK, ESQ.
Nevada Bar No. 7994
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue
No. 10, Suite 1000
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
Fax: (702) 873-9966
*Attorneys for Plaintiff*

*Additional Counsel For*
*Plaintiff Philip Morris USA Inc. listed on signature page*

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PHILIP MORRIS USA INC., | CASE NO. _____ |
| Plaintiff, | |
| vs. | |
| AMERICAN MINI MARKET INC., a Nevada corporation doing business as AMERICAN MINI MARKET; ARCH DRUG & SPORTING GOODS, INC., a Nevada corporation doing business as ARCH LIQUORS; CECILIA PACHECO, individually and doing business as MERCADO LOS PAISANOS; ENRIQUE MATA, individually and doing business as CARNICERIA EL MEXICANO; GERARDO VARELA, individually and doing business as CARNICERIA GUADALAJARA; HOA VAN LE, individually and doing business as SUNSHINE MARKET; IVY ALBANA, individually and doing business as MONTEREY MARKET; SALVADOR ALBANA, individually and doing business as MONTEREY MARKET; LA FERIA, L L.C.., a Nevada corporation doing business as LA FERIA; | **COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF THE LANHAM ACT -- § 32 (15 U.S.C. § 1114);**<br><br>**(2) VIOLATIONS OF THE LANHAM ACT -- § 43(a) (15 U.S.C. § 1125(a));**<br><br>**(3) NEVADA COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT** |

*(sidebar, vertical text)* McDONALD·CARANO·WILSON℠
2300 WEST SAHARA AVENUE • NO. 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

LENARD LOPER, individually and doing business as RAINBOW MARKET #3; M AND H TRADING, INC , a Nevada corporation doing business as M & H TRADING DISCOUNT FOOD MART; MARIA'S MARKET, an unknown business entity; MARK SCHNIPPEL, individually and doing business as EXPRESS MART 2; MARTIN AVILA, individually and doing business as THE ONE STOP; ROSENDO NUNEZ, individually and doing business as LOS ALAMITOS; SALVADOR AYALA, individually and doing business as ROSITAS MARKET; ROSITAS MARKET INCORPORATED, a Nevada corporation doing business as ROSITAS MARKET; SARA SEGURA, individually and doing business as LA CUSCATLECA; and DOES ONE through TWENTY, inclusive,

Defendants.

Plaintiff PHILIP MORRIS USA INC ("Philip Morris USA"), for its complaint herein against all entities as set forth on Exhibit A (collectively "Defendants"), attached hereto and incorporated by reference, alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action pursuant to:  (i) 28 U.S.C. §§ 1331, 1338(a) and (b); (ii) 15 U.S.C. §1121, as an action for violation of the Lanham Act, 15 U.S.C. §§ 1051, et seq.; and (iii) 28 U.S.C. § 1367(a), pursuant to the principles of supplemental jurisdiction.

2.     Philip Morris USA is informed and believes and thereupon alleges that venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that, among other things, Defendants reside or are found in this judicial district and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## NATURE OF THE ACTION

3.     This is an action for:  (i) infringement of registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin and trademark and

McDONALD·CARANO·WILSON
2300 WEST SAHARA AVENUE • NO. 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

2

1   trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and

2   (iii) unfair competition and trademark infringement in violation of the common law of the State of

3   Nevada. As described more fully below, Defendants have sold, offered for sale, or otherwise

4   contributed to the sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand

5

6   cigarettes, and are therefore liable for direct and/or contributory infringement of Philip Morris

7   USA's lawfully owned trademarks and trade dress. Defendants' conduct has produced and, unless

8   enjoined by this Court, will continue to produce widespread consumer confusion and deception as

9   well as irreparable injury to Philip Morris USA.

10        4.     For several decades, Philip Morris USA has used, in connection with its tobacco

11   products, the MARLBORO® mark and various other trademarks incorporating the word

12   MARLBORO® and/or the MARLBORO Roof Design Label® mark, a pentagonal figure with a

13   horizontal top and two vertical sides with two upwardly and inwardly sloping diagonals

14   (collectively, the "Marlboro Marks"). Philip Morris USA has spent substantial time, effort and

15   money advertising and promoting the Marlboro Marks throughout the United States, and these

16   marks have consequently developed significant goodwill, have become distinctive, and have

17

18   acquired secondary meaning.

19        5.     In a blatant attempt to profit from Philip Morris USA's substantial investment in its

20   Marlboro Marks, Defendants have sold cigarettes in packaging that bears spurious marks that are

21

22   either identical with or substantially indistinguishable from the Marlboro Marks. Consumers

23   naturally would expect that cigarettes sold in packaging that bears the famous Marlboro Marks

24   would be manufactured or licensed or sponsored by, or affiliated with, Philip Morris USA

25   However, Philip Morris USA has confirmed that the cigarettes at issue were not manufactured

26   licensed or sponsored by Philip Morris USA and are counterfeit. Thus, consumers will be confused

27   and/or disappointed by the differences between the counterfeit cigarettes and the genuine

28

McDONALD·CARANO·WILSON<sup></sup>
2300 WEST SAHARA AVENUE • NO 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

3

MARLBORO® and/or MARLBORO LIGHTS® cigarettes manufactured and sold by Philip Morris USA or its affiliates.

6.     As a result of Defendants' actions, Philip Morris USA is suffering a loss of the enormous goodwill Philip Morris USA created in its MARLBORO® and/or MARLBORO LIGHTS® products and is losing profits from lost sales of genuine products. This action seeks permanent injunctive relief and damages for Defendants' infringement of Philip Morris USA's intellectual property rights.

## THE PARTIES

7.     Plaintiff Philip Morris USA is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business at 6601 West Broad Street, Richmond, Virginia 23230.

8.     Defendants' names, entity types and addresses are set forth in Exhibit A, attached hereto and incorporated herein by reference.

9     Philip Morris USA does not know the true names and capacities of the Defendants sued herein as Does One through Twenty inclusive, and therefore sues these Defendants by such fictitious names   Philip Morris USA will amend this Complaint to allege the true names and capacities of these Defendants when it ascertains the same

## FACTS GIVING RISE TO THE ACTION

### A. The Sale of Counterfeit Cigarettes

10.     Philip Morris USA manufactures cigarettes, including the famous MARLBORO® brand, for sale in the United States. Retail establishments throughout the United States offer these cigarettes for sale to the adult public.

11.     Between December 2004 and February 2005, an investigator under contract with Philip Morris USA purchased one or more packs (20 cigarettes per pack) of cigarettes bearing the

COMPLAINT

MARLBORO® and/or MARLBORO LIGHTS® marks, from each of the named Defendants' retail establishments. The dates of these purchases are listed in Exhibit A, attached hereto.

12. The investigators delivered the purchased packs of cigarettes to a Philip Morris USA facility. Philip Morris USA personnel then examined the cigarette packs using a series of proprietary inspection methods and conclusively determined one or more of the packs purchased from each of these Defendants' retail establishments was counterfeit.

**B. The Likelihood of Confusion and Injury Caused by Defendants' Actions**

13. Counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes are not the same or of the same quality as those manufactured and sold by Philip Morris USA under the same brand name. As such, consumers who purchase counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes likely will be confused and/or disappointed by the differences between the counterfeit cigarettes and the genuine MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes. In addition, the sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes is likely to cause confusion among consumers regarding Philip Morris USA's sponsorship or approval of the counterfeit cigarettes. As a result of Defendants' actions, Philip Morris USA is suffering a loss of the enormous goodwill Philip Morris USA created in its MARLBORO® products and is losing profits from lost sales of genuine products.

**C. The Infringed Trademarks**

14. Philip Morris USA is the United States owner of the famous Marlboro Marks under which the MARLBORO® cigarettes are sold and are among the most valuable trademarks in the world. The "Marlboro Marks" include, without limitation, MARLBORO® and MARLBORO LIGHTS®. Philip Morris USA has invested substantial time, effort and money in advertising and promoting the Marlboro Marks throughout the United States. The vast majority of MARLBORO®

COMPLAINT

advertising and promotional activities display the Roof Design label mark and/or a MARLBORO® word mark. As a result, the Marlboro Marks are reportedly among the most widely recognized trademarks in the United States, and Philip Morris USA has developed significant goodwill in these marks

15.   Philip Morris USA is the registered owner of the following trademarks on the Principal Register of the United States Patent and Trademark Office ("USPTO"), all of which are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065:

| Registration Number | Registration Date | Trademark |
|---|---|---|
| 68,502 | April 14, 1908 | MARLBORO |
| 938,510 | July 25, 1972 | MARLBORO Red Label |
| 1,039,412 | May 11, 1976 | MARLBORO LIGHTS |
| 1,039,413 | May 11, 1976 | MARLBORO LIGHTS Label |

True and correct copies of these registration certificates and/or computer printouts from the records of the USPTO are attached hereto as Exhibits B through E.

16.   Defendants threaten to continue to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Philip Morris USA's irreparable damage.

**FIRST CLAIM FOR RELIEF**
**(For Infringement of Registered Trademarks in Violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1))**

17.   Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 16 hereof.

18.   The acts of Defendants alleged herein constitute the use in commerce, without the consent of Philip Morris USA, of a reproduction, counterfeit, copy or colorable imitation of one or more of the Marlboro Marks in connection with the sale, offering for sale, distribution, or

COMPLAINT

advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers and therefore infringe Philip Morris USA's rights in one or more of the Marlboro Marks, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. Section 1114(1).

19.     Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## SECOND CLAIM FOR RELIEF
### (For False Designation of Origin and Trademark and Trade Dress Infringement in Violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A))

20.     Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 19 hereof.

21.     The acts of Defendants alleged herein constitute the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). These acts of Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Philip Morris USA, or as to the origin, sponsorship or approval of counterfeit cigarettes by Philip Morris USA.

22.     Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## THIRD CLAIM FOR RELIEF
### (For Unfair Competition in Violation of Nevada State Common Law)

23.     Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 hereof.

7

24.    Defendants' conduct, as alleged above, constitutes unfair competition under Nevada State common law. Defendants' acts have resulted in the "passing off" of Defendants' products as those of Philip Morris USA, or as somehow related or associated with, or sponsored or endorsed by, Philip Morris USA.

25.    Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions

WHEREFORE, Plaintiff Philip Morris USA Inc. prays for judgment as follows:

A.    For judgment that:

(i)    Defendants have violated Section 32 of the Lanham Act, 15 U.S.C. § 1114;

(ii)    Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C § 1125(a); and

(iii)    Defendants engaged in unfair competition in violation of the common law of the State of Nevada.

B    For an injunction restraining and enjoining Defendants and their divisions, subsidiaries, officers, agents, employees and attorneys, and all those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from (i) purchasing, distributing, selling, or offering for sale, counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes; or (ii) using the Marlboro Marks or trademarks confusingly similar therewith or the MARLBORO® and/or MARLBORO LIGHTS® trade dress or trade dress confusingly similar therewith with the exception of the sale and, offering for sale of genuine MARLBORO® and/or MARLBORO LIGHTS® cigarettes.

C.    For an order (i) requiring Defendants to account for and pay over to Philip Morris USA all of Defendants' profits derived from their unlawful conduct, to the full extent provided for

by Section 35(a) of the Lanham Act, 15 U.S.C. Section 1117(a), including treble damages where appropriate; (ii) as an alternative to awarding profits under Sections 35(a), awarding Philip Morris USA statutory damages as provided for by Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c); and (iii) awarding Philip Morris USA general and special damages to the full extent provided for by the common law of the State of Nevada.

D.    For costs of suit, including attorneys fees where appropriate, and for such other and further relief as the Court shall deem appropriate.

Dated this ___ day of January, 2006.

McDONALD CARANO WILSON LLP

By _____

JEFFREY A. SILVESTRI (NV Bar No. 5779)
JOSEPHINE BINETTI McPEAK (NV Bar No. 7994)
2300 West Sahara Avenue, Suite 1000
Las Vegas, Nevada 89102

John C. Ulin (CA State Bar No. 165524) (*pro hac vice pending*)
Patricia K. Oliver (CA State Bar No. 193423) (*pro hac vice pending*)
HELLER EHRMAN LLP
333 South Hope Street, 39th Floor
Los Angeles, CA 90071
Telephone: (213) 689-0200
Facsimile: (213) 614-1868
*Attorneys for Plaintiff*

1122268 1

COMPLAINT

# EXHIBIT A

EXHIBIT A

| DEF. NO. | STORE NAME | ADDRESS | CITY | STATE | ZIP | OWNER(S) | BUY DATE |
|---|---|---|---|---|---|---|---|
| 1 | AMERICAN MINI MARKET | 2564 LAS VEGAS BOULEVARD #N | NORTH LAS VEGAS | NV | 89030 | AMERICAN MINI MARKET INC. | 12/02/2004 |
| 2 | ARCH LIQUORS | 235 VIRGINIA STREET | RENO | NV | 89501 | ARCH DRUG & SPORTING GOODS, INC. | 02/22/2005 |
| 3 | CARNICERIA EL MEXICANO | 2510 E. LAKE MEAD BOULEVARD #C | NORTH LAS VEGAS | NV | 89030 | ENRIQUA MATA | 12/15/2004 |
| 4 | CARNICERIA GUADALAJARA | 2162 N. LAMB BOULEVARD #C-D | LAS VEGAS | NV | 89115 | GERARDO VARELA | 12/02/2004 |
| 5 | EXPRESS MART 2 | 5075 E. WASHINGTON AVENUE | LAS VEGAS | NV | 89110 | MARK SCHNIPPEL | 12/01/2004 |
| 6 | LA CUSCATLECA | 1909 E. CHARLESTON BOULEVARD | LAS VEGAS | NV | 89104 | SARA SEGURA | 12/10/2004 |
| 7 | LA FERIA | 3851 PENNWOOD AVENUE #B24 | LAS VEGAS | NV | 89102 | LA FERIA, L.L.C. | 12/18/2004 |
| 8 | LOS ALAMITOS | 2784 E. CHARLESTON | LAS VEGAS | NV | 89104 | ROSENDO NUNEZ | 12/10/2004 |
| 9 | M & H TRADING DISCOUNT FOOD MART | 235 N. EASTERN AVENUE #27 | LAS VEGAS | NV | 89101 | M AND H TRADING, INC. | 12/06/2004 |
| 10 | MARIAS MARKET | 2500 E. CHEYENNE AVENUE | NORTH LAS VEGAS | NV | 89030 | UBE | 12/06/2004 |
| 11 | MERCADO LOS PAISANOS | 3131 N. RANCHO DRIVE #B | LAS VEGAS | NV | 89130 | CECILIA PACHECO | 12/16/2004 |
| 12 | MONTEREY MARKET | 1000 E. CHARLESTON BOULEVARD #10 | LAS VEGAS | NV | 89104 | IVY ALBANA SALVADOR ALBANA | 12/16/2004 |
| 13 | RAINBOW MARKET #3 | 1594 N. NELLIS BOULEVARD | LAS VEGAS | NV | 89110 | LENARD LOPER | 12/01/2004 |
| 14 | ROSITAS MARKET | 1514 S. MAIN STREET | LAS VEGAS | NV | 89104 | SALVADOR AYALA | 12/07/2004 |
| 15 | SUNSHINE MARKET | 861 N. NELLIS BOULEVARD #1 | LAS VEGAS | NV | 89110 | HOA VAN LE | 12/02/2004 |
| 16 | THE ONE STOP | 1701 STATE HIGHWAY 168 | MOAPA | NV | 89025 | MARTIN AVILA | 12/18/2004 |

i

# EXHIBIT B

BEST AVAILABLE COPY

## TRADE-MARK.

No. 68,502.
        ....ISTERED APR. 14, 1908.

PHILIP MORRIS & CO., LTD.
CIGARETTES.
APPLICATION FILED OCT 17, 1907

**MARLBORO**

*Proprietor*
*Philip Morris & Co., Ltd*
*by Albert G. T. Decker*
*Attorney*

REPUBLISHED
Under Sec. 12 (c) 1946 Act          MAR 2 2 1949

AFFIDAVIT SEC. 8        AFFIDAVIT SEC. 15
ACCEPTED                RECEIVED 3-30-54

THIRD RENEWAL
Philip Morris Inc
New York, N.Y.

68,502.   CIGARETTES.   Registered April 14, 1908.
Philip Morris & Co Ltd.   Renewed April 14, 1928, to
Philip Morris & Co. Ltd. Incorporated, New York, N. Y.,
a Corporation of Virginia, assignee.

68,502.   MARLBORO.   Registered Apr. 14, 1908.  Philip
Morris & Co. Ltd.   Renewed Apr. 14, 1928, to Philip
Morris & Co. Ltd. Incorporated, New York, N. Y., a cor-
poration of Virginia.  "CIGARETTES.  Class 17.

# UNITED STATES PATENT OFFICE.

PHILIP MORRIS & CO., LTD. OF NEW YORK, N. Y.

## TRADE-MARK FOR CIGARETTES.

No. 68,502.

Statement and Declaration.

Registered April 14, 1908.

Application filed October 17, 1907.   Serial No. 30,646.

## STATEMENT.

*To all whom it may concern:*

Be it known that PHILIP MORRIS & Co.,
Ltd., a corporation duly organized under the
laws of the State of New York and located
in the city of New York, county of New York,
in said State, and doing business at 102 West
Broadway, in said city, has adopted for its
use the trade-mark shown in the accompany-
ing drawing, for cigarettes, in Class 17, To-
bacco products.

The trade-mark has been continuously
used in the business of said corporation and
in the business of its predecessor, Philip
Morris & Co. Ltd. of London, England, since
1883.

The trade-mark is applied or affixed to the
goods, or to the packages containing the
same, by placing thereon a printed label on
which the trade-mark is shown.

PHILIP MORRIS & CO., LTD.
By HERBERT L. ALDRICH,
*President.*

## DECLARATION.

State of New York, county of New York, ss.:

HERBERT L. ALDRICH, being duly sworn,
deposes and says that he is the president of
the corporation, the applicant named in the
foregoing statement; that he believes the
foregoing statement is true; that he believes
said corporation is the owner of the trade-
mark sought to be registered; that no other
person, firm, corporation, or association, to
the best of his knowledge and belief, has the
right to use said trade-mark, either in the
identical form or in any such near resem-
blance thereto as might be calculated to de-
ceive; that said mark is used by said corpora-
tion in commerce among the several States of
the United States; that the drawing present-
ed truly represents the trade-mark sought to
be registered; that the specimens show the
trade-mark as actually used upon the goods;
and that the mark has been in actual use as a
trade-mark of the applicant for ten years
next preceding the passage of the act of Feb-
ruary 20, 1905, and that, to the best of his
knowledge and belief, such use has been ex-
clusive.

HERBERT L. ALDRICH.

Subscribed and sworn to before me this
10th day of January, 1908.

DAVID FISCHER,
*Notary Public, 147, Kings County.*
*Certificate filed in New York County.*

Latest Status Info

Thank you for your request. Here are the latest results from the TARR web server.

This page was generated by the TARR system on 09/03/2002 12:30:34 ET

Serial Number: 71030646

Registration Number: 68502

Mark

# Marlboro

(words only): MARLBORO

Current Status: This registration has been renewed.

Date of Status: 1988-11-07

Filing Date: 1907-10-17

Registration Date: 1908-04-14

Law Office Assigned: Unknown

If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at Trademark Assistance Center. mailto:TrademarkAssistanceCenter@uspto.gov

Current Location: 900 -Unknown

Date In Location: 2001-10-18

---

## CURRENT APPLICANT(S)/OWNER(S)

---

1 PHILIP MORRIS INCORPORATED

Address:
PHILIP MORRIS INCORPORATED
100 PARK AVENUE
NEW YORK, NY 10017
United States
State or Country of Incorporation: Virginia
Legal Entity Type: Corporation

## GOODS AND/OR SERVICES

CIGARETTES
U.S. Class: 017 (International Class 034)
First Use Date: 18830000
First Use in Commerce Date: 18830000

Basis: 1(a)

## ADDITIONAL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

1988-04-14 - Registration renewed - 20 year

1988-04-08 - Section 9 filed/check record for Section 8

1968-04-14 - Registration renewed - 20 year

## CONTACT INFORMATION

**Correspondent (Owner)**
ROBERT J. ECK
PHILIP MORRIS INCORPORATED
100 PARK AVENUE
NEW YORK, NY 10017
United States

# EXHIBIT C

# United States Patent Office

938,510
Registered July 25, 1972

## PRINCIPAL REGISTER
### Trademark

Ser. No. 387,884, filed Mar 30, 1971



Philip Morris Incorporated (Virginia corporation)
100 Park Ave
New York, N.Y.   10017

For: CIGARETTES, in CLASS 17 (INT. CL. 34).
First use 1883; in commerce 1883.
Applicant disclaims the words 'Filter Cigarettes" apart from the mark as shown.
The drawing is lined to indicate the colors red and gold and these colors are used and claimed as a feature of the mark.
Owner of Reg. Nos. 68,502, 854,007, and others

**EXHIBIT D**

Int. Cl.: 34

Prior U.S. Cl.: 17

**Reg. No. 1,039,412**

# United States Patent Office

Registered May 11, 1976

## TRADEMARK
Principal Register

## MARLBORO LIGHTS

Philip Morris Incorporated (Virginia corporation)
100 Park Ave.
New York, N.Y.  10017

For: CIGARETTES, in CLASS 17 (INT. CL. 34).
First use Aug. 25, 1971; in commerce Aug. 25, 1971.
The word "Lights" is expressly disclaimed apart from the mark in its entirety.
Owner of Reg. Nos. 68,502, 878,062, and others.

Ser. No. 401,870, filed Sept. 2, 1971.

# EXHIBIT E

Int. Cl.: 34

Prior U.S. Cl.: 17

**Reg. No. 1,039,413**

## United States Patent Office

Registered May 11, 1976

## TRADEMARK
Principal Register



Philip Morris Incorporated (Virginia corporation)
100 Park Ave.
New York, N.Y.   10017

For: CIGARETTES, in CLASS 17 (INT. CL. 34).
First use not later than Sept. 2, 1971; in commerce not later than Sept. 2, 1971.

The word "Lights" is expressly disclaimed apart from the mark in its entirety.

The words "Veni-Vidi-Vici" are Latin and mean "I came, I saw, I conquered."

Owner of Reg. Nos. 68,502, 760,533, and others.

Ser. No. 430,002, filed July 17, 1972.