JEFFREY A. SILVESTRI, ESQ
Nevada Bar No. 5779
JOSEPHINE BINETTI McPEAK, ESQ
Nevada Bar No. 7994
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue
No. 10, Suite 1000
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
Fax: (702) 873-9966
*Attorneys for Plaintiff Philip Morris USA Inc.*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PHILIP MORRIS USA INC., <br><br>Plaintiff,<br><br>vs<br><br>AMERICAN MINI MARKET INC., a Nevada corporation doing business as AMERICAN MINI MARKET; ARCH DRUG & SPORTING GOODS, INC., a Nevada corporation doing business as ARCH LIQUORS; CECILIA PACHECO, individually and doing business as MERCADO LOS PAISANOS; ENRIQUE MATA, individually and doing business as CARNICERIA EL MEXICANO; GERARDO VARELA, individually and doing business as CARNICERIA GUADALAJARA; HOA VAN LE, individually and doing business as SUNSHINE MARKET; IVY ALBANA, individually and doing business as MONTEREY MARKET; SALVADOR ALBANA, individually and doing business as MONTEREY MARKET; LA FERIA, L.L.C., a Nevada corporation doing business as LA FERIA;<br><br>LENARD LOPER, individually and doing business as RAINBOW MARKET #3; M AND H TRADING, INC., a Nevada corporation doing business as M & H TRADING DISCOUNT FOOD MART; MARIA'S MARKET, an unknown business entity; MARK SCHNIPPEL, individually and doing business as EXPRESS MART 2; MARTIN AVILA, individually and doing business as THE ONE STOP; ROSENDO | Case No.: 2:06-cv-00075-RLH-PAL<br><br>CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT AMERICAN MINI MARKET INC., A NEVADA CORPORATION DOING BUSINESS AS AMERICAN MINI MARKET<br><br>(DEFENDANT NO. 1) |

NUNEZ, individually and doing business as LOS ALAMITOS; SALVADOR AYALA, individually and doing business as ROSITAS MARKET; ROSITAS MARKET INCORPORATED, a Nevada corporation doing business as ROSITAS MARKET; SARA SEGURA, individually and doing business as LA CUSCATLECA; and DOES ONE through TWENTY, inclusive,

Defendants.

Plaintiff Philip Morris USA Inc ("Philip Morris USA") and Defendant AMERICAN MINI MARKET INC, a Nevada corporation doing business as AMERICAN MINI MARKET ("Defendant"), having settled this action on the terms and conditions stated herein, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. This is an action for: (i) infringement of registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin and trademark and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (iii) unfair competition in violation of the common law of the State of Nevada. This Court has personal jurisdiction over Philip Morris USA and Defendant, and subject matter jurisdiction of the matter in controversy between Philip Morris USA and Defendant. Venue in this judicial district is proper.

2. Defendant waives any objections it may have regarding sufficiency of process or the sufficiency of service of process in this action.

3. Philip Morris USA manufactures cigarettes, including the famous MARLBORO® brand, for sale in the United States. Philip Morris USA is the registered owner of the following MARLBORO® and MARLBORO®-related trademarks on the Principal Register of the United States Patent and Trademark Office, all of which are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065 (collectively "Philip Morris USA Marks"):

| Registration Number | Date Registered |
|---|---|
| 68,502 | April 14, 1908 |
| 938,510 | July 25, 1972 |
| 1,039,412 | May 11, 1976 |
| 1,039,413 | May 11, 1976 |

4   Philip Morris USA has spent substantial time, effort, and money advertising and promoting the Philip Morris USA Marks throughout the United States, and these marks have consequently developed significant goodwill, have become distinctive, and have acquired secondary meaning. As a result of the sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes, Philip Morris USA is suffering a loss of the enormous goodwill associated with the Philip Morris USA Marks, and is losing profits from lost sales of genuine products

5   Beginning in or about June 1, 2004 and subsequent to Philip Morris USA's adoption and first use of the Philip Morris USA Marks, Defendant allegedly offered for sale and sold to the general public counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes

6   In a Complaint ("Complaint") filed with this Court on January 19, 2006, Philip Morris USA alleged that Defendant's offering for sale and sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes constitutes trademark and trade dress infringement, false designation of origin, unfair competition, and related violations of Philip Morris USA's rights in the Philip Morris USA Marks under the Lanham Act and state law. Philip Morris USA sought both injunctive relief and monetary damages

7   Since the filing of the Complaint, Philip Morris USA and Defendant have agreed to a full and final settlement of this action as contained herein and have agreed to the entry of this Consent Judgment and Permanent Injunction. Accordingly, it is hereby **ORDERED** that Defendant, and its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with it, are hereby permanently enjoined from:

(i)   purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes;

        (ii)    assisting, aiding or abetting any other person or entity in purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes; and

        (iii)    interfering with or impeding the inspections authorized by Paragraph 8(a) hereof in any way.

8.    Defendant further agrees to cooperate in good faith with Philip Morris USA in any further investigation of this matter, including but not limited to (a) permitting representatives of Philip Morris USA to conduct inspections, without notice, of Defendant's inventory of cigarettes to determine whether any cigarettes bearing the MARLBORO® and/or MARLBORO LIGHTS® mark are counterfeit (such inspections may proceed at any of Defendant's retail outlets between the hours of 9:00 a.m. and 5:00 p.m. on any day Defendant is open for business) and to take possession of any such MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes Philip Morris USA or its representatives determine to be counterfeit; (b) responding to reasonable requests for information about Defendant's suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes; and (c) cooperating with Philip Morris USA's representatives in their investigations of any suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes.

9.    The terms of this Consent Judgment and Permanent Injunction shall be enforceable against Defendant and any persons working in concert with it and any retail outlet Defendant and/or such persons may own or operate now or in the future.

10.    Defendant agrees to waive all claims in this action against Philip Morris USA with prejudice, whether they are asserted or not. All claims asserted in this action by Philip Morris USA for monetary recovery from Defendant are hereby dismissed with prejudice. There being no just reason for delay, the entry of this consent judgment by the United States District Court constitutes entry of final judgment as to all remaining claims asserted in this action by Philip Morris USA against Defendant pursuant to Federal Rule of Civil Procedure 54(b). Philip Morris USA and Defendant each will bear its own costs and attorneys' fees. Upon entry of this Consent Judgment and Permanent Injunction, any bond or undertaking Philip Morris USA has filed in this action as to

Defendant shall be deemed exonerated and the original of such bond or undertaking shall be returned to Philip Morris USA.

11. The Court shall retain jurisdiction to enforce this Consent Judgment and Permanent Injunction. If Defendant shall be alleged to have breached the terms of this Consent Judgment and Permanent Injunction, Philip Morris USA shall have the right to reopen this matter upon motion filed and heard on an expedited basis, including by ex parte application. If this matter is so reopened, Philip Morris USA may pursue any and all remedies it may have against Defendant in addition to liquidated damages as set forth below.

12. Philip Morris USA has entered this Consent Judgment in material reliance on Defendant's representations as to the sources from which it has purchased the cigarettes sold at its retail outlet since June 2, 2004. If Philip Morris USA determines in good faith that Defendant has materially misrepresented the sources from which it purchased cigarettes during this time period, or if Defendant has failed to identify any of its cigarette suppliers for this time period, such misrepresentation and/or omission shall constitute a material breach of this Consent Judgment and Permanent Injunction and the terms hereof shall be null and void except that Defendant shall remain permanently enjoined by the provisions of Paragraphs 7 and 8 hereof, and shall be liable for liquidated damages pursuant to the terms of Paragraph 13(iii). In that event, Philip Morris USA shall have the right to reopen this matter upon motion filed and heard on an expedited basis, including by ex parte application. If this matter is so reopened, Philip Morris USA may pursue any and all non-monetary remedies it may have against Defendant, in addition to liquidated damages as set forth below and shall also be entitled to recover its attorneys' fees and costs for any further prosecution of this action.

13. The parties recognize and acknowledge that it would be impractical or very difficult to determine or fix the amount of damages that would be sustained as a result of a breach of this Consent Judgment and Permanent Injunction by Defendants. Accordingly, after making a reasonable endeavor to arrive at the amount that would be an approximation of the damages that would or might be sustained in the event of a breach, the parties hereto agree to fix said amount of liquidated damages in the sum of (i) $500.00 per day for breach of Defendant's obligation to

cooperate in good faith with Philip Morris USA's investigative efforts, as set forth in Paragraph 8, and accruing after Philip Morris provides reasonable notice to Defendant of the breach; and (ii) $500 00 for the first occasion on which Philip Morris USA confirms that Defendant has sold counterfeit MARLBORO® or MARLBORO LIGHTS® brand cigarettes after this Consent Judgment and Permanent Injunction is entered, with the monetary damages to double for each subsequent occasion on which a sale of counterfeit product is confirmed (*e g*, $1,000 00 for the second occasion, $2,000 00 for the third occasion, *etc*), except that if Philip Morris USA discovers 10 cartons or more of counterfeit MARLBORO® or MARLBORO LIGHTS® cigarettes in the combined inventory of one or more of Defendant's retail outlets in any inspection conducted within 90 days of the date on which cigarettes purchased at any of Defendant's retail outlets are confirmed as counterfeit, the amount of liquidated damages shall be multiplied by 10 (*e.g.*, on the first such occasion, $5,000; on the second such occasion, $10,000, *etc*) with any liquidated damages recovery capped at $100,000; and (iii) in the event Defendant has materially misrepresented the sources from which it has purchased cigarettes since June 2, 2004 and/or failed to identify any of its cigarette suppliers during this time period in violation of Paragraph 12 hereof, $500 00 per day from the date this Consent Judgment and Permanent Injunction is entered, to the date Philip Morris USA learns of the misrepresentation and/or omission

    14. Accordingly, in the event that Defendant breaches this Consent Judgment and Permanent Injunction as set forth above, which breach shall be determined on the basis of such proof as Philip Morris USA shall present to the Court, then Defendant shall be obligated to pay to Philip Morris USA liquidated damages in the amounts set forth above  Upon the entry of an Order of this Court that Defendant has committed such a breach, Philip Morris USA shall be entitled to enforce the Court's Order, including by Writ of Execution

    15. The parties acknowledge and represent that they have fully considered the effect of this provision for liquidated damages

DATED: August 25, 2006

_____
Roger L. Hunt
UNITED STATES DISTRICT JUDGE

1 | The individuals executing this Judgment represent or confirm that they are duly authorized
2 | to do so, and are similarly authorized to bind each of the signatories to this Judgment.
3 | CONSENTED TO:

4 |
5 | DATED: *August 24th, 2006*

6 | McDONALD CARANO WILSON LLP

8 | By: _____
9 | JEFFREY A. SILVESTRI, ESQ (#5779)
   | JOSEPHINE BINETTI McPEAK, ESQ (# 7994)
10 | 2300 West Sahara Avenue, Suite 1000
   | Las Vegas, Nevada 89102
11 | *Attorneys for Plaintiff Philip Morris USA Inc*

13 | Approved as to form and content:        **AMERICAN MINI MARKET, INC.**

14 | DATED: *August 14, 2006*

15 | JASON A. AWAD & ASSOCIATES

17 | By: _____        By: _____
   | JASON A. AWAD, ESQ                    Printed Name: Souhail Faranesh
18 | 4386 S Eastern Avenue                 Its: President
   | Las Vegas, Nevada 89119
19 | *Attorneys for Defendant AMERICAN MINI MARKET*
20 | *INC., a Nevada corporation doing business as AMERICAN MINI MARKET*

23 | LVDOCS-#118539-v1

McDONALD·CARANO·WILSON
2300 WEST SAHARA AVENUE · NO 10, SUITE 1000 · LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 · FAX (702) 873-9966