1  JEFFREY A. SILVESTRI, ESQ.
   Nevada Bar No. 5779
2  JOSEPHINE BINETTI McPEAK, ESQ.
   Nevada Bar No. 7994
3  McDONALD CARANO WILSON LLP
   2300 West Sahara Avenue
4  No. 10, Suite 1000
   Las Vegas, Nevada 89102
5  Telephone: (702) 873-4100
   Fax: (702) 873-9966
6  *Attorneys for Plaintiff Philip Morris USA Inc.*

7

8  IN THE UNITED STATES DISTRICT COURT

9  DISTRICT OF NEVADA

10

11 PHILIP MORRIS USA INC.,

   Case No.: 2:06-cv-00075-RLH-PAL

12              Plaintiff,

   **CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT LENARD LOPER INDIVIDUALLY AND DOING BUSINESS AS RAINBOW MARKET #3**

13 vs.

14

15 AMERICAN MINI MARKET INC., a Nevada corporation doing business as AMERICAN

   **(DEFENDANT NO. 13)**

16 MINI MARKET; ARCH DRUG & SPORTING GOODS, INC., a Nevada corporation doing
   business as ARCH LIQUORS; CECILIA
17 PACHECO, individually and doing business as MERCADO LOS PAISANOS; ENRIQUE
18 MATA, individually and doing business as CARNICERIA EL MEXICANO; GERARDO
19 VARELA, individually and doing business as CARNICERIA GUADALAJARA; HOA VAN
20 LE, individually and doing business as SUNSHINE MARKET; IVY ALBANA,
21 individually and doing business as MONTEREY MARKET; SALVADOR ALBANA,
22 individually and doing business as MONTEREY MARKET; LA FERIA, L.L.C., a Nevada
23 corporation doing business as LA FERIA;

24 LENARD LOPER, individually and doing business as RAINBOW MARKET #3; M AND
25 H TRADING, INC., a Nevada corporation doing business as M & H TRADING DISCOUNT
26 FOOD MART; MARIA'S MARKET, an unknown business entity; MARK SCHNIPPEL,
27 individually and doing business as EXPRESS MART 2; MARTIN AVILA, individually and
28 doing business as THE ONE STOP; ROSENDO

1 NUNEZ, individually and doing business as LOS ALAMITOS; SALVADOR AYALA, individually and doing business as ROSITAS MARKET; ROSITAS MARKET INCORPORATED, a Nevada corporation doing business as ROSITAS MARKET; SARA SEGURA, individually and doing business as LA CUSCATLECA; and DOES ONE through TWENTY, inclusive,

Defendants

Plaintiff Philip Morris USA Inc ("Philip Morris USA") and Defendant LENARD LOPER individually and doing business as RAINBOW MARKET #3 ("Defendant"), having settled this action on the terms and conditions stated herein, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1   This is an action for: (i) infringement of registered trademarks in violation of Section 32 of the Lanham Act, 15 U S C § 1114; (ii) false designation of origin and trademark and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U S C § 1125(a); and (iii) unfair competition in violation of the common law of the State of Nevada  This Court has personal jurisdiction over Philip Morris USA and Defendant, and subject matter jurisdiction of the matter in controversy between Philip Morris USA and Defendant  Venue in this judicial district is proper

2   Defendant waives any objections he may have regarding sufficiency of process or the sufficiency of service of process in this action

3   Philip Morris USA manufactures cigarettes, including the famous MARLBORO® brand, for sale in the United States  Philip Morris USA is the registered owner of the following MARLBORO® and MARLBORO®-related trademarks on the Principal Register of the United States Patent and Trademark Office, all of which are valid, subsisting and incontestable pursuant to 15 U S C § 1065 (collectively "Philip Morris USA Marks"):

| Registration Number | Date Registered |
|---|---|
| 68,502 | April 14, 1908 |
| 938,510 | July 25, 1972 |
| 1,039,412 | May 11, 1976 |
| 1,039,413 | May 11, 1976 |

4. Philip Morris USA has spent substantial time, effort, and money advertising and promoting the Philip Morris USA Marks throughout the United States, and these marks have consequently developed significant goodwill, have become distinctive, and have acquired secondary meaning. As a result, the sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes causes Philip Morris USA to lose the enormous goodwill associated with the Philip Morris USA Marks, and causes Philip Morris USA to lose profits from lost sales of its genuine products.

5. Philip Morris USA contends in this lawsuit that, beginning in or about June 1, 2004 and subsequent to Philip Morris USA's adoption and first use of the Philip Morris USA Marks, Defendant offered for sale and sold to the general public counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes.

6. In a Complaint ("Complaint") filed with this Court on January 19, 2006, Philip Morris USA alleged that Defendant's offering for sale and sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes constitutes trademark and trade dress infringement, false designation of origin, unfair competition, and related violations of Philip Morris USA's rights in the Philip Morris USA Marks under the Lanham Act and state law. Philip Morris USA sought both injunctive relief and monetary damages.

7. In his Answer to the Complaint, Defendant denied that he sold or offered for sale counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes as alleged in the Complaint.

8. Since the filing of the Complaint, Philip Morris USA and Defendant have agreed to a full and final settlement of this action as contained herein and have agreed to the entry of this

Consent Judgment and Permanent Injunction. Accordingly, it is hereby **ORDERED** that Defendant, and his officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with him, are hereby permanently enjoined from:

(i) purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes;

(ii) assisting, aiding or abetting any other person or entity in purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes; and

(iii) interfering with or impeding the inspections authorized by Paragraph 9(a) hereof in any way.

9. Defendant further agrees to cooperate in good faith with Philip Morris USA in any further investigation of this matter by (a) permitting representatives of Philip Morris USA to conduct inspections, without notice, of Defendant's inventory of cigarettes to determine whether any cigarettes bearing the MARLBORO® and/or MARLBORO LIGHTS® mark are counterfeit (such inspections may proceed at any Defendant retail outlet between the hours of 9:00 a.m. and 5:00 p.m. on any day Defendant is open for business) and to take possession of any such MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes Philip Morris USA or its representatives determine to be counterfeit; (b) responding to reasonable requests for information about Defendant's suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes; and (c) cooperating with Philip Morris USA's representatives in their investigations of any suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes.

10. The terms of this Consent Judgment and Permanent Injunction shall be enforceable against Defendant and any persons working in concert with him and any retail outlet Defendant and/or such persons may own or operate now or in the future.

11. Defendant agrees to waive all claims in this action against Philip Morris USA with prejudice, whether they are asserted or not. All claims asserted in this action by Philip Morris USA for monetary recovery from Defendant are hereby dismissed with prejudice. There being no just reason for delay, the entry of this consent judgment by the United States District Court constitutes

entry of final judgment as to all remaining claims asserted in this action by Philip Morris USA against Defendant pursuant to Federal Rule of Civil Procedure 54(b) Philip Morris USA and Defendant will each bear their own costs and attorneys' fees Upon entry of this Consent Judgment and Permanent Injunction, any bond or undertaking Philip Morris USA has filed in this action as to Defendant shall be deemed exonerated and the original of such bond or undertaking shall be returned to Philip Morris USA

12 The Court shall retain jurisdiction to enforce this Consent Judgment and Permanent Injunction If Defendant shall be alleged to have breached the terms of this Consent Judgment and Permanent Injunction, Philip Morris USA shall have the right to reopen this matter upon motion filed and heard on an expedited basis If this matter is so reopened, Philip Morris USA may pursue any and all remedies it may have against Defendant in addition to liquidated damages as set forth below

13 Philip Morris USA has entered into this Consent Judgment in material reliance on Defendant's representations as to the sources from which he has purchased the cigarettes sold at his retail outlet since June 1, 2004 If Philip Morris USA determines in good faith that Defendant has materially misrepresented the sources from which he purchased MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes during this time period, or if Defendant has failed to identify any of his MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes suppliers for this time period, such misrepresentation and/or omission shall constitute a material breach of this Consent Judgment and Permanent Injunction and the terms hereof shall be null and void except that Defendant shall remain permanently enjoined by the provisions of Paragraphs 8 and 9 hereof, and shall be liable for liquidated damages pursuant to the terms of Paragraph 14(iii) In that event, Philip Morris USA shall have the right to reopen this matter upon motion filed and heard on an expedited basis If this matter is so reopened, Philip Morris USA may pursue any and all non-monetary remedies it may have against Defendant, in addition to liquidated damages as set forth below and shall also be entitled to recover its attorneys' fees and costs for any further prosecution of this action

14. The parties recognize and acknowledge that it would be impractical or very difficult to determine or fix the amount of damages that would be sustained as a result of a breach of this Consent Judgment and Permanent Injunction by Defendant. Accordingly, after making a reasonable endeavor to arrive at the amount that would be an approximation of the damages that would or might be sustained in the event of a breach, the parties hereto agree to fix said amount of liquidated damages in the sum of (i) $500.00 per day for breach of Defendant's obligation to cooperate in good faith with Philip Morris USA's investigative efforts, as set forth in Paragraph 9, and accruing after Philip Morris provides reasonable notice to Defendant of the breach; and (ii) $500.00 for the first occasion on which Philip Morris USA confirms that Defendant has sold counterfeit MARLBORO® or MARLBORO LIGHTS® brand cigarettes after this Consent Judgment and Permanent Injunction is entered, with the monetary damages to double for each subsequent occasion on which a sale of counterfeit product is confirmed (e.g., $1,000.00 for the second occasion, $2,000.00 for the third occasion, etc.), except that if Philip Morris USA discovers 10 cartons or more of counterfeit MARLBORO® or MARLBORO LIGHTS® cigarettes in the combined inventory of one or more of Defendant's retail outlets in any inspection conducted within 90 days of the date on which cigarettes purchased at any of Defendant's retail outlets are confirmed as counterfeit, the amount of liquidated damages shall be multiplied by 10 (e.g., on the first such occasion, $5,000; on the second such occasion, $10,000, etc.) with any liquidated damages recovery capped at $100,000; and (iii) in the event Defendant has materially misrepresented the sources from which he has purchased cigarettes since June 1, 2004 and/or failed to identify any of his MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes suppliers during this time period in violation of Paragraph 13 hereof, $500.00 per day from the date this Consent Judgment and Permanent Injunction is entered, to the date Philip Morris USA learns of the misrepresentation and/or omission.

15. Accordingly, in the event that Defendant breaches this Consent Judgment and Permanent Injunction as set forth above, which breach shall be determined on the basis of such proof as Philip Morris USA shall present to the Court, then Defendant shall be obligated to pay to Philip Morris USA liquidated damages in the amounts set forth above. Upon the entry of an Order

of this Court that Defendant has committed such a breach, Philip Morris USA shall be entitled to enforce the Court's Order, including by Writ of Execution

16    Each of the parties acknowledges and represents that it has fully considered the effect of this provision for liquidated damages

DATED: December 12, 2006.

_____
Roger L. Hunt
UNITED STATES DISTRICT JUDGE

1  The individual executing this Judgment represents or confirms that he is duly authorized to
2  do so, and is similarly authorized to bind each of the signatories to this Judgment
3  CONSENTED TO:

4
5  DATED: 12/8/06

6  McDONALD CARANO WILSON LLP

7
8  By: _____
9  JEFFREY A SILVESTRI, ESQ (#5779)
   JOSEPHINE BINETTI McPEAK, ESQ (# 7994)
10 2300 West Sahara Avenue, Suite 1000
   Las Vegas, Nevada 89102
11 *Attorneys for Plaintiff Philip Morris USA Inc*

12
13 Approved as to form and content:
14 DATED: DECEMBER 6, 2006
15 HALE LANE
16
17
18 By: _____     Leonard Loper
   BRAD M JOHNSTON, ESQ
19 5441 Kietzke Lane, 2nd Floor
   Reno, Nevada 89511
20 *Attorneys for Lenard Loper individually and
   doing business as Rainbow Market #3*
21
22
23
24
25
26
27
28 ::ODMA\PCDOCS\LVDOCS\117448\3